IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RAMSEY D. SIMMONS**, | Case No. 2:11-cv-01500-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **OREGON DEPARTMENT OF CORRECTIONS**, **MAX WILLIAMS**, Director of the DOC, **MICHAEL GOWER**, Asst. Director, **LEONARD WILLIAMSON**, Inspector General, **MARK NOOTH**, Superintendent at SRCI **SNAKE RIVER CORRECTIONAL INSTITUTION**, **JAMIE MILLER**, Asst. Super at SRCI, **P. STUART**, Admin Staff, **BILL DOMAN**, Transitional Manager, **A. HANNON**, Security Manager SRCI, **J. EASTWOOD**, Captain at SRCI, **R. REAL**, Captain at SRCI, **R. GOLDSTON**, Lieutenant at SRCI **MR. WALLACE**, Sgt. at SRCI, **J. HERRERA**, Correction Officer at SRCI, **MR. DOHRTY**, Corr. Officer, **P. GARCIA**, Corr. Officer SRCI, **E. CARBAJAL**, Corr. Officer SRCI, **MR. SUNQUEST**, Sgt. at SRCI, **MS. M. BRANSCOMB**, Councilor SRCI, **MR. A. ARNOLD**, Corr. Officer SRCI, and **TERESA HICKS**, Grievance Coordinator, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

On February 10, 2014, Defendants filed a Partial Unenumerated Rule 12(b) Motion to

Dismiss (ECF 74). Defendants argue that Plaintiff failed to exhaust his administrative remedies

on claim numbers 3, 4, 6, 7, 8, 9, 10, and 11 before filing his Complaint (ECF 2) against

PAGE 1 – ORDER

Defendants. Defendants cite *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), as legal authority for Defendants' motion. In *Wyatt*, the court held that a defense of failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), should be raised by a defendant as an "unenumerated Rule 12(b) motion rather than a motion for summary judgment." 315 F.3d at 1119.

On April 3, 2014, the Ninth Circuit overruled *Wyatt v. Terhune* in an en banc decision. *Albino v. Baca*, --- F.3d. ---, 2014 WL 1317141, at *1 (9th Cir. 2014). In *Albino v. Baca*, the court explained that consistent with the Federal Rules of Civil Procedure, a defense of "failure to exhaust is more appropriately handled under the framework of existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.* The court further provided that "[i]n a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint," but that generally "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." *Id.* at *5. Thus, in those "rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* In a more typical case under the PLRA, where "a defendant will have to present probative evidence . . . that the prisoner has failed to exhaust available administrative remedies," a defendant "may move for summary judgment under Rule 56." *Id.*

Defendants' motion (ECF 74) was filed before the *Albino v. Baca* decision and is not in conformity with current Ninth Circuit precedent. Therefore, the Court DISMISSES WITHOUT PREJUDICE Defendants' Partial Unenumerated Rule 12(b) Motion to Dismiss (ECF 74). The Court grants Defendants leave to file a Rule 12(b)(6) partial motion to dismiss, if Plaintiff's alleged failure to exhaust is clear on the face of the Complaint (ECF 2), or to file a partial motion

for summary judgment to the extent that Defendants need to present probative evidence to support their motion. *See Albino*, 2014 WL 1317141, at *4-7.

**IT IS SO ORDERED.**

DATED this 8th day of April, 2014.

/s/ Michael H. Simon<br>Michael H. Simon<br>United States District Judge

PAGE 3 – ORDER