IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RAMSEY D. SIMMONS**,<br><br>        Plaintiff,<br><br>    v.<br><br>**OREGON DEPARTMENT OF CORRECTIONS**, **MAX WILLIAMS**, Director of the DOC, **MICHAEL GOWER**, Asst. Director, **LEONARD WILLIAMSON**, Inspector General, **MARK NOOTH**, Superintendent at SRCI **SNAKE RIVER CORRECTIONAL INSTITUTION**, **JAMIE MILLER**, Asst. Super at SRCI, **P. STUART**, Admin Staff, **BILL DOMAN**, Transitional Manager, **A. HANNON**, Security Manager SRCI, **J. EASTWOOD**, Captain at SRCI, **R. REAL**, Captain at SRCI, **R. GOLDSTON**, Lieutenant at SRCI, **MR. WALLACE**, Sgt. at SRCI, **J. HERRERA**, Correction Officer at SRCI, **MR. DOHRTY**, Corr. Officer, **P. GARCIA**, Corr. Officer SRCI, **E. CARBAJAL**, Corr. Officer SRCI, **MR. SUNQUEST**, Sgt. at SRCI, **MS. M. BRANSCOMB**, Councilor SRCI, **MR. A. ARNOLD**, Corr. Officer SRCI, and **TERESA HICKS**, Grievance Coordinator,<br><br>        Defendants. | Case No. 2:11-cv-01500-SI<br><br>**OPINION AND ORDER** |

PAGE 1 – OPINION AND ORDER

Ramsey D. Simmons, 710 E. Main Street, Yamhill, OR 97148. Plaintiff *pro se*.

Michael R. Washington, Oregon Department of Justice, Trial Division, 1162 Court Street N.E., Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff Ramsey D. Simmons ("Plaintiff") was in the custody of the Oregon Department of Corrections ("ODOC") at the Snake River Correctional Institute ("SRCI") from July 1, 2009, to February 15, 2012. He filed suit on December 12, 2011, asserting 11 claims under 42 U.S.C. § 1983, alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

On April 25, 2014, Defendants moved for partial summary judgment, arguing that Defendant ODOC was immune from suit and that Plaintiff failed to exhaust his administrative remedies as to claims 3, 4, 6, 7, 8, 9, 10, and 11, as required by the Prison Litigation Reform Act ("PLRA"). Plaintiff failed to respond by the June 2 deadline, and the Court, on its own motion, extended the deadline to July 18. Despite this extension, Plaintiff still failed to respond. Accordingly, Defendants' motion is granted in part and denied in part.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of

PAGE 2 – OPINION AND ORDER

the [non-movant's] position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

When an adverse party fails to respond to a fact asserted by the movant, a court may:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This rule was amended in 2010 to incorporate the "deemed admitted" practice of many courts: Where a party fails to respond to an asserted fact, that fact may be considered as undisputed, or "deemed admitted." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). Considering a fact as undisputed, however, does not entitle the movant to automatic summary judgment. A court must still determine, considering the facts the court has found undisputed, the legal consequences and proper inferences to be drawn from those facts. *Id.* (citing Fed. R. Civ. P. 56 Advisory Committee Notes (2010)).

## DISCUSSION

Defendants raise two distinct arguments in their motion. First, Defendants argue that all claims against Defendant ODOC should be dismissed by virtue of the State's sovereign immunity. Second, Defendants argue that as to claims 3, 4, 6, 7, 8, 9, 10, and 11, Plaintiff has failed to exhaust his administrative remedies. Despite a deadline extension and two notifications that failure to respond could end his case, Plaintiff made no response to Defendants' motion. Accordingly, Defendants' factual assertions are deemed true for the purposes of this motion. *Cf.*

PAGE 3 – OPINION AND ORDER

*Heinemann*, 731 F.3d at 917. Defendants' motion is denied as to claim 3, but granted in all other respects.

### A. Sovereign Immunity

Private suits against a State are barred by the Eleventh Amendment unless the State has consented to such suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). State sovereign immunity extends to the instrumentalities of a State, such as its Department of Corrections. *Id.* Under the Oregon Tort Claims Act, Or. Rev. Stat. § 30.265(3), the State of Oregon has consented to suit only in its own courts and only under state tort law. *See Jensen v. Whitlow*, 51 P.3d 599, 601 (Or. 2002) ("In place of a claim against an individual, the legislature substituted a single claim against the public body . . . ."). Defendant ODOC has not consented to suit in federal court under 42 U.S.C. § 1983. Accordingly, summary judgment in favor of ODOC is granted on all claims.

### B. Prison Litigation Reform Act

The PLRA's exhaustion requirement provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is an affirmative defense, and the burden is on Defendants to prove that Plaintiff failed to exhaust all available administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.*

To satisfy the PLRA exhaustion requirement, prisoners must "properly" exhaust their administrative remedies, including "compliance with an agency's deadlines and other procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Furthermore, it is not sufficient that a

prisoner be in the process of exhausting his remedies when he files suit; exhaustion must come *before* suit is filed. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002). A prisoner's failure to exhaust administrative remedies may be excused, however, "when circumstances render administrative remedies 'effectively unavailable.'" *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (per curiam) (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010)).

   1. **Claim 3**

   According to claim 3 of Plaintiff's Complaint, on April 30, 2011, Plaintiff was ordered to prepare to be moved to another cell. For refusing to comply, Plaintiff was found guilty of two counts of misconduct—"Unauthorized Area" and "Disobedience of an Order"—and received twenty-eight days in the Disciplinary Segregation Unit (DSU) per count. He may have been fined as well. Plaintiff alleges that he pursued successive administrative appeals through to the Oregon Inspector General, where his final appeal was denied.

   Defendants argue that because Plaintiff "did not file any grievances regarding the issues raised" in claim 3, Plaintiff failed to exhaust the available administrative remedies. But according to the ODOC Administrative Rules governing the grievance system, "[a]n inmate cannot grieve . . . [m]isconduct reports, investigations leading to or arising from misconduct reports, or disciplinary hearings, findings, and sanctions." OAR 291-109-0140(3). That is, with respect to misconduct reports and sanctions, filing a grievance is not an available administrative remedy. Accordingly, even considering Defendants' assertions as undisputed, Defendants have not carried their burden of showing that Plaintiff failed to exhaust administrative remedies with respect to claim 3.

   2. **Claim 4**

   Plaintiff alleges in claim 4 that from late November through early December of 2011, Officer Carbajal harassed him and deprived him of his property, including his blank grievance

PAGE 5 – OPINION AND ORDER

forms and "kytes" (inmate communications forms). Plaintiff alleges this was done "in order to hinder any possible grievances [he] might file," but yet managed to file a grievance regarding the incident on December 2, 2011.

Plaintiff's Complaint does not allege whether he received a response or filed an appeal. Defendants assert that Plaintiff received a response on February 29, 2012, and that he filed his appeal on April 20, 2012. Accepting that assertion as undisputed, Plaintiff failed to appeal within the required 14 days from receiving a response. *See* OAR 291-109-0170(1)(b). Accordingly, Plaintiff failed to comply with the applicable deadline and did not "properly" exhaust administrative remedies with respect to this claim. *Cf. Woodford*, 548 U.S. at 90-91. Summary judgment is therefore granted as to claim 4.

### 3. Claims 6 and 7

Plaintiff's claims 6 and 7 relate to fines imposed at misconduct hearings. As with claim 3, such fines are "disciplinary . . . sanctions" that may not be appealed through the grievance review process. *See* OAR 291-109-0140(3). In contrast to claim 3, however, Plaintiff does not allege that he pursued the appeals process for these misconduct hearings. Defendants simply allege that he "failed to exhaust the administrative remedies available to him." Accordingly, considering Defendants' assertions as undisputed, summary judgment is granted as to claims 6 and 7.

### 4. Claim 8

In claim 8, Plaintiff alleges that ODOC provided him only with baking soda to brush his teeth while he was in the DSU, which he believes destroyed the enamel on his teeth. He does not allege whether he filed a grievance, but Defendants assert that he filed one the day *after* he filed suit, on December 13, 2011. But exhaustion *pendent lite* is not acceptable under the PLRA; a prisoner must exhaust available administrative remedies before filing suit. *McKinney*, 311 F.3d

PAGE 6 – OPINION AND ORDER

at 1200-01. Accordingly, Plaintiff did not exhaust his administrative remedies and summary judgment is granted with respect to this claim.

### 5. Claim 9

Plaintiff's claim 9 alleges that several ODOC officers collaborated to hinder Plaintiff's ability to conduct legal work. Plaintiff does not allege filing any grievances in this regard, but may be alleging that his grievances were being destroyed: "I'd turn kytes in and staff would [throw] 'em away." Responsive briefing from Plaintiff might, perhaps, have shed light on this issue. Without its benefit, however, Defendants' assertions are considered undisputed: Defendants assert that Plaintiff filed a grievance on September 25, 2011, and was in the process of his second appeal when he filed suit. Accordingly, Plaintiff did not exhaust his administrative remedies before filing suit and summary judgment is granted with respect to this claim.

### 6. Claims 10 and 11

Plaintiff's claims 10 and 11 do not allege having filed a grievance, and Defendants assert that none was filed. Accordingly, considering Defendants' assertions as undisputed, summary judgment is granted as to claims 10 and 11.

## CONCLUSION

Because ODOC is entitled to sovereign immunity as an instrumentality of the State of Oregon, summary judgment is GRANTED in favor of ODOC. Based on the undisputed evidence before the Court, and drawing all reasonable inferences in favor of Plaintiff, Defendants have carried their burden of showing that Plaintiff failed to exhaust all available administrative remedies with respect to claims 4, 6, 7, 8, 9, 10, and 11, and summary judgment on those claims is GRANTED. Defendants have not met their burden with respect to claim 3, and summary judgment on that claim is DENIED.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 8 – OPINION AND ORDER